PER CURIAM.
The defendant, Andres Roque, Jr., a police officer in the Shreveport Police Department, was tried by a jury and convicted of aggravated battery. LSA-R.S. 14:34. He was sentenced to serve four years in the State penitentiary at hard labor.
On this appeal, the accused is relying on one bill of exceptions to obtain a reversal of the conviction. By this bill, the defendant has raised three distinct issues.
First, Roque complains of the admission into evidence of certain inculpatory recordings and transcriptions of his statements contending they were involuntary. The interrogating police officers testified that before the accused was interrogated he was informed of the criminal offense for which he was being investigated, and that he was given the Miranda warnings. We find no error in the trial court’s finding that the statements were not the product of compulsion, subtle or otherwise, and that they were freely and voluntarily given after the defendant was fully advised of his constitutional rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
Second, Roque contends the trial court erred in overruling his motion for a directed verdict of not guilty by virtue of insufficiency of evidence as to the criminal intent on his part. Aside from procedural reasons why this court could not allow the relief as to a directed verdict (State v. Williams, 258 La. 801, 248 So.2d 295 (1971)) and a new trial, the sole basis for the defendant’s argument disappears upon our finding that the inculpatory statements *433 were properly admitted and constituted evidence relating to the defendant Roque’s guilt upon which a jury verdict could properly be based.
Finally, the defendant alleges he was denied an opportunity to cross-examine the complaining witness, Ronald Johnson, who at the trial presumably invoked the Fifth Amendment to the United States Constitution. However, there is no showing that any objection was made as to this alleged error at the trial, nor is any of the testimony of the incident contained in the record or in connection with the bill. The objection was thus waived, La.C.Cr.P. art. 841, and this Court cannot consider the contention. La.C.Cr.P. art. 844.
The conviction and sentence are affirmed.